## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Rita Davis, | ) | Civil Action No.: 9:18-cv-2873-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Amended Complaint** |
| | ) | |
| Hampton Regional Medical Center and | ) | |
| South Carolina Association of Counties, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff alleges:

1.     That Plaintiff, Rita Davis, is a citizen and resident of Hampton County, South Carolina.

2.     Upon information and belief, Defendant Hampton Regional Medical Center (hereinafter "HRMC") is a private, non-governmental hospital organized and existing under the laws of South Carolina and maintains an office and agent in Hampton County, South Carolina; that the Defendant owns and operates the hospital in Hampton County.

3.     Upon information and belief, Defendant South Carolina Association of Counties (hereinafter "SCAC") is an independent not-for-profit corporation organized pursuant to the S.C. Non-Profit Corporations Act and maintains an office in Columbia, South Carolina.

4.     This Court has personal jurisdiction over the parties and venue is proper in this forum.

### FACTUAL BACKGROUND

5.     Ms. Davis visited HRMC for medical treatment on dates up to and including August 21, 2014.

1

6.      Pursuant to S.C. Code Ann. § 15-3-530(1), HRMC had three (3) years within which to commence an action for debt collection against Ms. Davis; thus, the Statute of Limitations for the last date of service expired on August 21, 2017.

7.      Ms. Davis' employer was notified on June 5, 2018 that Ms. Davis owed $760.13 to the South Carolina Department of Revenue and, if any wages are due to Ms. Davis, that the employer is to withhold 25% of her gross compensation.

8.      Ms. Davis' gross wages were garnished by her employer beginning on her paycheck dated June 15, 2018 and continued for subsequent paychecks until a total of $760.13 was withheld.

9.      The South Carolina Legislature enacted legislation in 1996 known as the Government Enterprise Accounts Receivable program pursuant to S.C. Code Ann. § 12-4-580 (hereinafter "GEAR").

10.     The GEAR collection program established the South Carolina Department of Revenue (hereinafter "SCDOR") as a collection agency that works on behalf of eligible and enrolled claimant agencies "for the collection of taxes."

11.     In addition to garnishment of state income tax refunds, GEAR collection efforts include garnishment of wages, use of tax liens, levy of bank accounts and revocation of licenses.

12.     Participation in the GEAR collection program is limited to the following entities:

    a.      State agency, board, committee or commission;

    b.      Public institutions of high learning;

    c.      Private institutions of higher learning;

    d.      South Carolina Student Loan Corporation;

    e.      United States Department of Education;

    f.      Quasi-governmental entities;

2

g.     Political subdivisions;

h.     Housing authorities;

i.     Internal Revenue Service; and

j.     Other state agencies.

13.     Pursuant to S.C. Code Ann. § 12-56-20(1), "political subdivision" includes the Municipal Association of South Carolina and the South Carolina Association of Counties "when these organizations submit claims on behalf of a county or local governmental or quasi-governmental entity."

14.     HRMC is a private, non-governmental business and, therefore, is not an eligible entity authorized to collect monies through the GEAR program.

15.     Upon information and belief, HRMC submitted claims to SCDOR through SCAC. However, since HRMC is not a "county or local governmental or quasi-governmental entity," SCAC would no longer be considered a "political subdivision."

16.     HRMC and SCAC improperly and wrongfully utilized the GEAR program to take Ms. Davis' earnings.

17.     The wage garnishment caused a substantial financial hardship for Ms. Davis and caused her to not be able to meet her other obligations.

## FOR A FIRST CAUSE OF ACTION
## AS TO ALL DEFENDANTS
(Conversion)

18.     Plaintiff restates and realleges the allegations of the above as if fully set forth herein.

19.     The earnings taken by HRMC and SCAC were monies that Ms. Davis had an interest in as a result of her work.

3

20.     Through the conduct of HRMC and SCAC, Ms. Davis' earnings were converted to HRMC's and SCAC's own use without Ms. Davis' permission.

21.     The conversion of Ms. Davis' earnings to the benefit and use of HRMC and SCAC was the direct and proximate cause of Ms. Davis' damages and she is entitled to judgment against the Defendants for actual damages and punitive damages in an amount to be determined by the trier of fact and for reasonable attorney's fees and the costs of bringing this suit.

<u>**FOR A SECOND CAUSE OF ACTION**</u>
<u>**AS TO ALL DEFENDANTS**</u>
(Violation of the S.C. Consumer Protection Code)

22.     Plaintiff restates and realleges the allegations of the above as if fully set forth herein.

23.     The Defendants are Creditors under Title 37 of the S.C. Code (hereinafter "the Code") and are therefore subject to the provisions of the Code.

24.     Ms. Davis is in the class of persons intended to be protected by the Code.

25.     Ms. Davis brings this third cause of action alleging violations of the Code stemming from wages that were garnished as the result of an alleged debt.

26.     The above described conduct of the Defendant constitutes a violation of the Code, specifically S.C. Code Ann. § 37-5-104 titled "No Garnishment:"

> "With respect to a debt arising from a consumer credit sale, a consumer lease, a consumer loan, or a consumer rental-purchase agreement, regardless of where made, the creditor may not attach unpaid earnings of the debtor by garnishment or like proceedings."

27.     The medical bill allegedly incurred by Plaintiff at the HRMC's facility is a "consumer credit sale" as defined by S.C. Code § 37-2-104: "'consumer credit sale' is a sale of goods, services, or an interest in land in which:  (a) credit is granted by a person who regularly engages as a seller in credit transactions of the same kind, (b) the buyer is a person other than an

organization, (c) the goods, services, or interest in land are purchased primarily for a personal, family or household purpose, (d) either the debt is payable in installments or a credit service charge is made, and (e) with respect to a sale of goods or services, the amount financed does not excess twenty-five thousand dollars."

28.    That the Defendants' conduct in collecting the alleged debt as described above violated the South Carolina Consumer Protection Code.

29.    This violation was the direct and proximate cause of Ms. Davis' damages and she is entitled to judgment against the Defendants for actual and punitive damages in an amount to be determined by the trier of fact and for reasonable attorney's fees along with costs associated in bringing this suit.

### FOR A THIRD CAUSE OF ACTION
### AS TO ALL DEFENDANTS
(Violation of the S.C. Unfair Trade Practices Act)

30.    Plaintiff restates and realleges the allegations of the above paragraphs as if fully set forth herein.

31.    That the Defendants are persons within the meaning of S.C. Code Ann. § 39-5-10 and are engaged in providing healthcare services to patients such as Ms. Davis.

32.    That the Defendants knowingly and unlawfully submitted Ms. Davis' alleged debt to the SCDOR for collection under the GEAR program; that the Defendants knew or should have known that Ms. Davis' wages would be garnished; that the garnishment of Ms. Davis' wages for a consumer credit sale was unlawful.

33.    The Defendants' actions as described above constitute an unfair trade practice as contemplated by S.C. Code Ann. § 39-5-20, as amended. Further, Defendants' conduct was knowing, willful and intentional.

5

34.     The afore described activities constitute unfair trade practices, have been and are capable of repetition; said activities detrimentally affect the public; have directly and proximately damaged the Plaintiff; and entitle Plaintiff to an award of treble damages along with attorney's fees and costs incurred with bringing this action.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
(S.C. Code Ann. § 12-4-580 and § 12-54-130 are Unconstitutional)

35.     Plaintiff restates and realleges the allegations of the above paragraphs as if fully set forth herein.

36.     S.C. Code Ann. § 12-4-580 was enacted pursuant to an act in violation of the South Carolina Constitution, Article III § 17.

37.     S.C. Code Ann. § 12-54-130 was enacted pursuant to an act in violation of the South Carolina Constitution, Article III §17.

38.     The statutes upon which the Defendants rely to garnish Plaintiff's wages are derived from acts which are special legislation in contravention of the South Carolina Constitution, Article III, § 34(IX).

39.     The garnishment of Plaintiff's wages pursuant to the asserted statutory scheme violates the South Carolina Constitution, Article X, § 5.

40.     Further, an interpretation of S.C. Code Ann. § 12-4-580 to allow garnishment violates the Plaintiff's right to equal protection under the South Carolina Constitution.

41.     The garnishment is causing substantial financial hardship for the Plaintiff and is causing her not to be able to meet her other obligations.


**WHEREFORE,** Plaintiff prays that:

a)      She recovers actual, consequential, statutory and punitive damages;

b)      She receives a refund of all monies garnished, including all administrative fees or other costs, together with prejudgment interest at the legal rate;

c)      She recovers the costs and expenses of this suit;

d)      That judgment be entered against the Defendants accordingly; and

e)      The Court grant such other and further relief as it deems just and proper.


Respectfully Submitted,


PETERS, MURDAUGH, PARKER, ELTZROTH
& DETRICK, P.A.


BY:_____*s/ Lee D. Cope*_____
        Lee D. Cope
        P.O. Box 457
        Hampton, SC 29924
        (803) 943-2111

        ATTORNEYS FOR PLAINTIFF

November 5, 2018

7