**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Rita Davis,<br><br>        Plaintiffs,<br>v.<br><br>Hampton Regional Medical Center and<br>South Carolina Association of Counties,<br><br>        Defendants. | Case No.: 9:18-cv-2873-RMG<br><br><br>**ORDER AND OPINION** |

This matter comes before the court on Plaintiff Rita Davis' motion to remand (Dkt. No. 10). For the reasons below, this Court grants Plaintiff's motion to remand.

### I. Background

Plaintiff Rita Davis filed a Complaint in the Hampton County Court of Common Pleas on September 24, 2018, alleging that the Defendants Hampton Regional Medical Center and the South Carolina Association of Counties (collectively "Defendants") illegally garnished her wages for an outstanding medical debt. (Dkt. No. 1-1.) Plaintiff asserted causes of action for common law conversion, and violation of the South Carolina Consumer Protection Code, South Carolina Unfair Trade Practices Act, South Carolina Constitution, Federal Fair Debt Collection Act, and the Federal Constitution. (Dkt. No. 1-1 at ¶¶ 18 – 47.) On October 23, 2018, Defendants removed the case to this Court based on federal question jurisdiction. (Dkt. No. 1.) Thirteen days later, on November 5, 2018, Plaintiff filed an Amended Complaint that removed all claims under the Fair Debt Collection Act and the Federal Constitution but was otherwise unchanged. (Dkt. No. 9.)

Plaintiff moves to remand the case, arguing that the Court lacks jurisdiction as the case no longer includes federal claims. (Dkt. No. 10.) Defendants oppose the motion. (Dkt. Nos. 14, 15.)

### II. Legal Standards

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.,* 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005) *citing Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir. 1994).

### III. <u>Discussion</u>

There is no doubt that this Court lacks either federal question or diversity jurisdiction. All parties are citizens of South Carolina (Dkt. No. 9 at ¶¶ 1 – 4.) and the Amended Complaint no longer contains any claims under federal law or the Constitution. Instead, the Defendants argue that the Court should continue to exert jurisdiction under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over claims that otherwise would not fall under the Court's subject matter jurisdiction. § 1367(c) provides that:

> [T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The first three subsections of § 1367(c) leads the Court to conclude that supplemental jurisdiction would be inappropriate here. First, the claim raises the issue of constitutionality of a state wage garnishment program under the South Carolina Constitution.[1] Second, the state claims inherently substantially predominate over the original federal claims as no federal claims remain. Finally, while the Court did not dismiss the federal claims, all claims under which it has original jurisdiction have since been dismissed. Furthermore, both the Fourth Circuit and this Court have indicated that it is proper to remand cases for lack of jurisdiction where a Plaintiff in a removed case subsequently dismisses all federal claims. *See Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010) (remanding case where "the sole federal claim supporting the district court's original jurisdiction was dismissed voluntarily by the plaintiff without objection by defendants less than two weeks after the case arrived in federal court. Under the circumstances, therefore, we fail to see why a federal district court would elect to retain jurisdiction."); *Flowers v. South Carolina*, No. CV 8:15-706-TMC, 2015 WL 6903581 (D.S.C. Nov. 9, 2015) (remanding case where second amended complaint filed after removal dismissed all federal claims).

Defendants also argue that the damages sought in this case will be greater than the $760.13 listed in the complaint. (Dkt. No. 14 at 4.) However, the amount of damages sought is irrelevant, as there is no diversity of citizenship and jurisdiction was based solely on a federal question. Furthermore, Defendants argue that there is a potential for prejudice if the Court remands the case as almost 60% of the potential jury poll in Hampton County have been affected by the Defendant's

---

[1] While Defendants argue that there are still due process claims in the Complaint, any constitutional claims remaining are under the State Constitution.

debt collection efforts. (*Id.*) However, this Court also draws juries from citizens in Hampton County, and to the extent Defendants believe a fair trial cannot be held in Hampton County, South Carolina civil procedure allows a party to move to change the place a trial is held. *See* S.C. Code Ann. § 15-7-100. Therefore, this action is remanded to state court.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand (Dkt. No. 10) is **GRANTED**, and this action is remanded to state court.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

November 20, 2018
Charleston, South Carolina